IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:12-CV-59-H

MARILYN MEJORADO,

    Plaintiff,

v.

CITIMORTGAGE, INC., and
RICHARD P. MCNEELY, Substitute
Trustee,

    Defendant.

**ORDER**

This matter is before the court on a motion to dismiss plaintiff's complaint for failure to state a claim filed by defendant CitiMortgage, Inc. ("CitiMortgage"). Plaintiff has responded, CitiMortgage has replied, and this matter is ripe for ruling.

### BACKGROUND

On July 16, 2012, plaintiff Marilyn Mejorado brought this action seeking to prevent defendants from foreclosing on her home and also for monetary damages. The real property which is the subject of this action ("subject property") was purchased by plaintiff and her then-husband, Edward Livingston ("Livingston") in 1999. When the parties separated in 2002, Livingston was ordered through domestic court proceedings to provide plaintiff with a home in which she and her children would reside and to

make the monthly mortgage payments on the home. In September 2002, Livingston obtained a loan in the amount of $81,400 from ABN AMRO Mortgage Group ("ABN AMRO"), the proceeds of which were used to purchase a mobile home that was placed on the subject property. In connection with the loan transaction, Livingston signed a note and deed of trust in favor of ABN AMRO providing the subject property as security for the loan. The deed of trust also purports to be signed by plaintiff, although plaintiff denies that she signed the deed of trust encumbering the subject property.

Livingston ceased making payments on the loan in 2007, and plaintiff began communicating directly with CitiMortgage, successor to ABN AMRO, about the loan. Plaintiff alleges that she was unaware of the deed of trust on the subject property until 2008 when a judge in her domestic proceedings "suggested . . . that she go to the Register of Deeds office to see if her property had been put up for collateral." (Compl. ¶ 15.)

In September 2008, CitiMortgage commenced foreclosure proceedings against the subject property in Bertie County, North Carolina. Plaintiff contested foreclosure of the property, but an order allowing the foreclosure was entered by the Bertie County Clerk of Court on November 18, 2008. Plaintiff appealed the Clerk's order to the Bertie County Superior Court. On appeal, plaintiff filed a memorandum in opposition to

foreclosure. Specifically, plaintiff argued that CitiMortgage has not proven the existence of "a proper security instrument evidencing the debt that permits the foreclosure" because her purported signature on the deed of trust is a forgery. (Mot. Dismiss Ex. H [DE #7-8] at 1.) Plaintiff's appeal of the foreclosure proceedings is still pending with the Bertie County Superior Court.

In 2009 and 2010, plaintiff and CitiMortgage engaged in additional loss mitigation discussions, and the parties entered into an Interim Forbearance Agreement whereby CitiMortgage agreed to "suspend any scheduled foreclosure sale" while plaintiff was being reviewed for a loan modification plan under the federal government's Home Affordable Modification Program. Apparently the parties did not enter into a loan modification plan, although the reason for that is not indicated in the record.

Following plaintiff's appeal of the Bertie County Clerk's order allowing foreclosure, plaintiff filed this action on July 16, 2012, in the Superior Court of Bertie County, North Carolina. CitiMortgage removed the action to this court based on diversity jurisdiction and now moves to dismiss plaintiff's

3

claims for failure to state a claim upon which relief can be granted.[1]

**COURT'S DISCUSSION**

**I.   Standard of Review**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal and factual sufficiency of a complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A federal district court confronted with a motion to dismiss for failure to state a claim must accept the plaintiff's allegations as true and construe the allegations of the complaint in the light most favorable to the plaintiff. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). A Rule 12(b)(6) motion "'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Id. (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).

"[A] complaint need not 'make a case' against a defendant or 'forecast evidence sufficient to prove an element' of the

---

[1] Defendant Richard P. McNeely does not appear to have been served in this matter and has not made an appearance in the case.

4

claim." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). However, it must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The court need not accept as true legal conclusions couched as factual allegations. Twombly, 550 U.S. at 555.

## II. Count I – Determination of Lien Status and Removal of Cloud From Title

Plaintiff filed her complaint "in Recoupment and in Equitable Defense of Foreclosure (pursuant to N.C.G.S. § 45-21.34)." (Mot. TRO & Prel. Injunction & Verified Compl. [DE #1-2] at 2.) Count I of plaintiff's complaint is a claim seeking to quiet title to the subject property. Specifically, plaintiff alleges that her purported signature on the deed of trust in favor of ABN AMRO is a forgery and that the deed of trust is therefore a cloud upon her title. Plaintiff prays for an order removing the cloud on her title by striking the deed of trust from the land records in the Office of the Bertie County Register of Deeds. (Compl. ¶¶ 25-28.)

CitiMortgage moves to dismiss Count I for failure to state a claim on two separate grounds. First, it argues that the claim is barred by the statute of limitations. Additionally, CitiMortgage contends that plaintiff may not challenge the validity of the debt outside of the foreclosure proceeding. This court disagrees and therefore denies CitiMortgage's motion to dismiss Count I.

CitiMortgage argues that the three-year statute of limitations provided in N.C. Gen. Stat. § 1-52(9) applies to plaintiff's claims because plaintiff is seeking relief on the grounds of fraud. While the court acknowledges that § 1-52(9) appears to be the appropriate statute of limitations, the North Carolina courts have held that the statute of limitations does not run against a plaintiff seeking to quiet title while he is in possession of the property. Poore v. Swan Quarter Farms, Inc., 338 S.E.2d 817, 819-20 (N.C. Ct. App. 1986); see also Oates v. Nelson, 269 C.A.2d 18, 74 Cal. Rptr. 475 (1969), cited with approval in Poore, 338 S.E.2d 817. As the Poore court noted:

> The purpose of a Statute of Limitations is to put an end to stale claims, not to compel resort to the courts to vindicate rights which have not been and might never be called into question. The requirement of prompt action is imposed as a policy matter upon persons who would challenge title to property rather than those who seek to quiet title to their land.

6

Poore, 338 S.E.2d at 820 (quoting Orange & Rockland Util. v. Philwood Estates, 418 N.E.2d 1310, 1313 (N.Y. 1981)). As plaintiff has been in possession of the subject property at all times relevant to this action, no statute of limitations has begun running against her claim to quiet title to the property.

The court is also aware of no authority that would operate to bar plaintiff from challenging the validity of the debt outside of the foreclosure proceeding before the clerk of court. Plaintiff was certainly entitled to (and in this case did) raise the issue of the validity of the debt before the clerk of court and on appeal from the clerk of court's order allowing foreclosure. Upon entry of a final judgment in the foreclosure proceeding, plaintiff may well be foreclosed from further litigating such issues by principles of res judicata or collateral estoppel. See Gilbert v. Residential Funding LLC, 678 F.3d 271, 280-81 (4th Cir. 2012). However, no final judgment has been entered in the foreclosure proceeding and, therefore, res judicata and collateral estoppel principles do not apply. Id. As a consequence, plaintiff was not precluded from bringing a separate state-court action to quiet title to her property. In fact, North Carolina statutory law specifically authorizes a property owner to bring a separate action to enjoin foreclosure. See N.C. Gen. Stat. § 45-21.34 ("Any owner of real estate . . . may apply to a judge of the

7

superior court . . . to enjoin [a foreclosure] sale . . . upon any . . . legal or equitable ground which the court may deem sufficient.") Had the action remained in the Superior Court of Bertie County, it may have been that the court consolidated the actions to be appropriate. However, CitiMortgage removed the quiet title action to this court and will not now be permitted to complain of the dual jurisdiction it created.

### III. Counts II & III - Breach of Loan Servicing Duties & Implied Covenant of Good Faith and Fair Dealing

CitiMortgage next moves to dismiss plaintiff's claims for breach of loan servicing duties and breach of the covenant of good faith and fair dealing. In these claims, plaintiff essentially asserts that CitiMortgage breached its duties under its forbearance agreement with plaintiff. CitiMortgage contends that plaintiff's breach of loan servicing duties claim is subject to dismissal because plaintiff has not "identif[ied] any term of the Forbearance Agreement which was breached and [p]laintiff cannot claim that she was owed any duty of care by CitiMortgage." (Mem. Supp. Mot. Dismiss at 14.) As to plaintiff's implied covenant of good faith and fair dealing claim, CitiMortgage argues that dismissal is warranted because plaintiff's allegations that CitiMortgage failed to comply "with the express terms of the Interim Forbearance Agreement is a pure

8

breach of contract claim that cannot be stated as an implied duty of good faith claim." (Mem. Supp. Mot. Dismiss at 17.)

Plaintiff's claims for breach of loan servicing duties and implied covenant of good faith and fair dealing adequately state a claim for breach of the forbearance agreement. Plaintiff has not, however, stated any facts that would support a separate and distinct tort claim for breach of the covenant of good faith and fair dealing.

North Carolina recognizes an implied covenant of good faith and fair dealing in every contract, ensuring that one party will not injure or interfere with the other's right to receive the benefit of the agreement. Bicycle Transit Auth., Inc. v. Bell, 333 S.E.2d 299, 305 (1985). "Because the covenant of good faith and fair dealing is implied in a contract . . . a claim for breach of that covenant typically is 'part and parcel' of a claim for breach of contract." Ada Liss Group v. Sara Lee Corp., No. 1:06-CV-610, 2010 WL 3910433 (M.D.N.C. Apr. 27, 2010). "[I]n most cases a breach of the covenant [of good faith and fair dealing] is simply another way of stating a claim for breach of contract. Id.

In the case at bar, plaintiff alleges that CitiMortgage breached the covenant of good faith and fair dealing by (1) "failing to service Plaintiff's account in accordance with the terms of the Forbearance Agreement"; (2) "failing to supervise

9

its agents and employees including, without limitation, its loss mitigation, and collection personnel, who were instructed to proceed with foreclosure proceedings after a [f]orbearance agreement was formed to resolve the mortgage account issues with the Plaintiff"; and (3) "failing to provide Plaintiff with the benefit of her bargain." (Compl. ¶ 38.) These allegations sufficiently state a breach of contract and will, therefore, be construed as such.

**IV. Count IV - Unfair or Deceptive Trade Practices**

CitiMortgage further contends that plaintiff has failed to allege any fraudulent or deceptive acts by CitiMortgage to support her unfair or deceptive trade practices claim. There are three elements to a claim of unfair or deceptive trade practices under North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 et seq.: "(1) an unfair or deceptive act or practice, or an unfair method of competition, (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiff or his business." Spartan Leasing, Inc. v. Pollard, 101 N.C. App. 450, 460-61, 400 S.E.2d 476, 482 (1991). In support of her claim, plaintiff alleges that (i) CitiMortgage refused on more than one occasion to deal with plaintiff or provide her with information about the loan even after she entered into a forbearance agreement with CitiMortgage, (ii) in 2007 CitiMortgage told plaintiff that the

10

mobile home would be removed from her property in lieu of foreclosure of the subject property, (iii) CitiMortgage attempted to collect from plaintiff a delinquency for which she was not responsible, (iv) CitiMortgage wrongfully charged plaintiff for insurance, (v) CitiMortgage reported plaintiff to the credit bureaus for arrearages for which she is not responsible, and (vi) CitiMortgage undermined plaintiff's ability to maintain the forbearance agreement and ultimately sought to foreclose upon the subject property based upon an invalid deed of trust. (Compl. ¶¶13-22.) While plaintiff's allegations ultimately may not be borne out by the facts as revealed through discovery, they are nevertheless sufficient to state a claim for unfair or deceptive trade practices. The court, therefore, rejects CitiMortgage's motion to dismiss this claim.

## CONCLUSION

For the foregoing reasons, CitiMortgage's motion to dismiss [DE #7] is DENIED. The clerk is directed to continue management of this case.

This *17th* day of June 2013.

*/s/ Malcolm J. Howard*
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31